IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PHILLIP J. RATH JR., | ) | CASE NO. 8:13CV204 |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| STATE OF NEBRASKA, STATE OF NEBRASKA'S SEX OFFENDER REGISTRY OFFICE, STATE OF WISCONSIN, and STATE OF WISCONSIN'S SEX OFFENDER REGISTRY OFFICE, | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's Motion seeking the appointment of counsel and reconsideration of his initial partial filing fee. (Filing No. 11.) For the reasons set forth below, the court will grant Plaintiff's request that this court reconsider the amount of his initial partial filing fee, and deny his request for the appointment of counsel.

A.   **Motion for Reconsideration**

On July 24, 2013, the court ordered Plaintiff to pay an initial partial filing fee in the amount of $0.14, based on the court's review of Plaintiff's inmate trust account information. (Filing No. 9.) At the time the court received Plaintiff's inmate trust account information, Plaintiff had only been incarcerated at the Douglas County Department of Corrections for one month, and he had an average daily balance of $0.69. (Filing No. 3.) On August 21, 2013, Plaintiff filed an updated inmate trust account statement, which reflects that Plaintiff has been transferred to the Lincoln Correctional Center, and his account balance is $0.00. (*See* Filing No. 11 at CM/ECF p. 6.) Plaintiff sets forth in his Motion that he has no money, and he is "not sure when [he will] be getting some money in." (*Id.* at CM/ECF p. 3.)

For good cause shown, the court will reconsider the amount of Plaintiff's initial partial filing fee.  Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of Plaintiff's average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint.  Plaintiff's account balance is $0.00, and the court cannot assess an initial partial filing fee.  However, as set forth in 28 U.S.C. § 1915(b)(4), "[i]n no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."  When the prisoner is unable to pay the initial partial filing fee due to a lack of funds, the requirement that the initial partial filing fee will be paid at the outset of the case is suspended.  See *Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951, n.9 (D. Neb. 2001).  Instead, "the whole of the . . . filing fees are to be collected and paid by the installment method contained in § 1915(b)(2)." *Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997).  This matter will therefore proceed without payment of the initial partial filing fee as set forth below.

**B.     Motion for Appointment of Counsel**

The court cannot routinely appoint counsel in civil cases.  In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel . . . ."  *Id.* (quotation and citation omitted).  No such benefit is apparent here.  Thus, the request for the appointment of counsel is denied without prejudice to reassertion.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion seeking appointment of counsel and reconsideration of his initial partial filing fee (Filing No. 11) is denied in part and granted in part. The court grants Plaintiff's request that this court reconsider the amount of his initial partial filing fee, and denies his request for the appointment of counsel. Accordingly, Plaintiff's previously filed Motion to Appoint Counsel (Filing No. 8) is also denied;

2. Plaintiff's filing fee shall be collected and remitted, as funds exist, in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the full filing fee of $350.00 is paid, the prisoner shall be obligated to pay, and the agency having custody of the prisoner shall forward to the Clerk of the court, 20 percent of the preceding month's income in such months as the account exceeds $10.00;

3. The Clerk of the court shall serve a copy of this order on the appropriate financial officer for Plaintiff's current institution; and

4. Plaintiff shall continue to keep the court informed of his current address at all times while this case is pending, as failure to do so may result in dismissal of this matter.

DATED this 26th day of August, 2013.

BY THE COURT:


s/Laurie Smith Camp
Chief United States District Judge

---

∗This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

3